UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE S. GOULSON,

       Plaintiff,

vs                                      Case No: 05-71539
                                      Honorable Victoria A. Roberts

YUM! BRANDS, INC., ET AL,

       Defendants.
_____/

## ORDER

### I.    INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Yum! Brands, Inc. for lack of personal jurisdiction, and all claims for failure to state a claim upon which relief can be granted.  For the following reasons, the Court **GRANTS** the Motion in part and **DENIES** it in part.

### II.    BACKGROUND

This case arises out of Defendant Yorkshire Global Restaurants' ("Yorkshire") failure to buy back stock from a former employee, Plaintiff, George Goulson.  He was the executive vice president for Yorkshire.  On March 26, 1998 the Plaintiff was awarded 698 shares of restricted stock in Yorkshire pursuant to a stock incentive plan. Similarly, on November 16, 1999, the Plaintiff was awarded an additional 500 shares under the stock incentive plan.

In June 2000, Yorkshire merged with A&W Restaurants, Inc. ("A&W") and Long

1

John Silver ("LJS").  Yorkshire's Detroit office was closed as a result of the merger.  The Plaintiff opted for a severance package rather than relocation.  As part of the package, the Plaintiff claims that on the effective date of his separation, September 30, 2000, his 1198 shares of stock vested and an option to purchase an additional 2,391 shares of stock vested.  The option was exercisable during the two year period following his date of separation.

On April 23, 2002, the Plaintiff was sent a letter advising him that there would be a merger between Yorkshire, Tricon Global Restaurants, Inc., and DBRU, Inc. a subsidiary of Tricon.  Yorkshire was to merge with DBRU, and Yorkshire would survive as a subsidiary of Tricon.  Tricon later changed its name to Yum! Brands, Inc.   The letter further advised that under the stock incentive plan, all stock granted and outstanding options would become fully vested and exercisable immediately before the effective date of the merger.  The letter included an attachment showing the number of options and shares owned by the Plaintiff.  The attachment showed the options for 2391 shares, but not the 1198 shares the Plaintiff claimed he owned.  Yorkshire refused to purchase the Plaintiffs alleged 1198 shares of restricted stock.  Specifically, Plaintiff alleges in his Complaint that Yum! Brands is a successor corporation resulting from a merger of Yorkshire and DBRU; that Yum! Brands is a subsidiary of Tricon; and, that Yorkshire is a subsidiary of Yum! Brands (Para. 2 & 3, Amended Complaint).

III.    **APPLICABLE LAW AND ANALYSIS**

   A.    **Personal Jurisdiction over Yum! Brands**

The Plaintiff asserts that Yum! Brands "regularly and systematically conducts

business in the State of Michigan." [Second Amended Complaint, ¶ 3].  The Plaintiff

intimates through its Exhibit B, that Yum! Brands conducts business in Michigan as

Yum! Design, and that this confers personal jurisdiction over Yum! Brands.

The Defendants admit a connection to Yum! Design, but claim it is owned by a

subsidiary of Yum! Brands, and the companies are legally distinct.  The Defendants

argue that the Plaintiff failed to set forth any contacts Yum! Brands has with Michigan.

"Before a court may obligate a party to comply with its orders, the court must

have in personam jurisdiction over the party." *Oberlies v. Searchmont Resort, Inc.*, 246

Mich.App. 424, 427 (Mich.App. 2001).  Jurisdiction may be general or specific (limited).

*Id.*

> The exercise of general jurisdiction is possible when a defendant's
> contacts with the forum state are of such nature and quality as to enable a
> court to adjudicate an action against the defendant, even when the claim
> at issue does not arise out of the contacts with the forum.  When a
> defendant's contacts with the forum state are insufficient to confer general
> jurisdiction, jurisdiction may be based on the defendant's specific acts or
> contacts with the forum. [Michigan] legislature has provided long-arm
> statutes to allow courts to take jurisdiction over nonresident corporations
> under theories of general and specific jurisdiction.  MCL §§ 600.711 and
> 600.715[1].  When analyzing whether it is proper to exercise personal

---

[1]MCL § 600.711 provides:
The existence of any of the following relationships between a corporation and the state
shall constitute a sufficient basis of jurisdiction to enable the courts of record of this
state to exercise general personal jurisdiction over the corporation and to enable such
courts to render personal judgments against the corporation.
(1) Incorporation under the laws of this state.
(2) Consent, to the extent authorized by the consent and subject to the limitations
provided in section 745.
(3) The carrying on of a continuous and systematic part of its general business within
the state.

MCL § 600.715 provides:
The existence of any of the following relationships between a corporation or its agent

jurisdiction over a defendant, we must determine whether the defendant's conduct falls within a provision of a Michigan long-arm statute and whether the exercise of jurisdiction comports with due process.  Long-arm statutes delineate the nature, character, and types of contacts that must exist to exercise personal jurisdiction.  Due process restricts permissible long-arm jurisdiction by defining the quality of contacts necessary to justify the exercise of personal jurisdiction over a defendant.

Id. at 427-428 (citations omitted).

The touchstone of the due process analysis for personal jurisdiction is a determination of whether the defendant has sufficient "minimum contacts" with the forum state to make exercise of jurisdiction fair and reasonable.  *Oberlies*, 246 Mich.App. at 433.  "Courts employ a three-part test to determine whether a defendant has "minimum contacts" with Michigan to the extent that limited personal jurisdiction may be exercised in accordance with due process.  First, the defendant must have purposefully availed himself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws.  Second, the cause of action must arise from the defendant's activities in the state.  Third, the defendant's activities must be substantially connected with Michigan to make the exercise of jurisdiction over

---

and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.
(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
(3) The ownership, use, or possession of any real or tangible personal property situated within the state.
(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

the defendant reasonable." *Id.* (citation omitted).

"When a district court rules on a jurisdictional motion to dismiss without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.  To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction.  Furthermore, a court does not weigh the controverting assertions of the party seeking dismissal." *Dean v. Motel 6 Operating L.P. et al.*, 134 F.3d 1269, 1272 (6th Cir. 1998)(citation omitted).  At an evidentiary hearing, the plaintiff must prove jurisdiction by a preponderance of the evidence.  *Id*.

In *Dean*, the plaintiff appealed a grant of summary judgment based on lack of personal jurisdiction.  Dean was an employee of Motel 6 who brought an action against the company and its corporate owners claiming she was sexually assaulted by a guest of the motel.  The corporate defendant at the top of the corporate chain was dismissed for lack of personal jurisdiction by the district court.

After delineating the standard for deciding such motions, the *Dean* court stated that the reason for the lop-sided standard is to prevent defendants from defeating jurisdiction merely by filing a written affidavit contradicting the plaintiff's jurisdictional facts.  Also, the court noted that defendants have adequate recourse because they can seek an evidentiary hearing.  In addition, "[i]f the written submissions raise disputed issues of fact or seem to require determinations of credibility, the court retains the power to order an evidentiary hearing, and to order discovery of a scope broad enough to prepare the parties for that hearing." *Dean*, 134 F.3d at 1272.

The *Dean* court ruled in favor of the defendant because the plaintiff failed to establish a prima facie showing of jurisdiction.  When analyzing purposeful availment,

5

the court stated that having a controlling interest in a corporation does not equal purposeful availment. The court stated the plaintiff must provide sufficient evidence for the court to conclude the parent corporation is being brought into court for something that it has done. *Id.* at 1273-1274.

The court in *Dean* held that although the plaintiff suggested an integrated business relationship between the defendants, she did not provide any direct evidence of the parent corporation's involvement with the operation of the subsidiary. There was no evidence that the parent took any affirmative actions relating to Kentucky beyond merely owning the subsidiary. The court held that was insufficient to establish a prima facie showing of jurisdiction. Interestingly, the court noted that the plaintiff cited evidence that showed the subsidiary held itself out as belonging to the parent company. While that was suggestive of a business relationship, it did not prove the parent had anything to do with the operation of the subsidiary, per the Court.

This case is analogous to *Dean*. The Plaintiff's only allegations to support personal jurisdiction over Yum! Brands is an unsupported statement that Yum! Brands regularly and systematically conducts business in Michigan, and the business card and storefront of a business with a similar name. Because there has not been an evidentiary hearing, the Court cannot consider the Defendants' affidavit disclaiming any relationship with Yum! Design outside of its ownership of Yum Restaurant Services Group, Inc., which in turn owns Yum! Design. *Dean*, 134 F.3d at 1273.

But even without considering the Defendants' affidavit, the Plaintiff failed to allege sufficient facts to establish a prima facie showing of jurisdiction. As the court held in *Dean*, a business holding itself out as being owned by its parent corporation is

6

not sufficient to establish that the parent controls the subsidiary to the extent that it should be subject to the jurisdiction of the forum state.  Also similar to *Dean*, the Plaintiff made allegations that Yum! Brands does business in Michigan without providing any direct evidence to support such assertions.  Because the Plaintiff failed to provide any evidence sufficient to prove jurisdiction, the Court **GRANTS** the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

> B.     **Successor Liability of Yum! Brands**

> 1.     **Dismissal of Claims Against Yum! Brands**

The Plaintiff failed to allege any connection between Yum! Brands and Yorkshire that forms the basis of a claim for successor liability against Yum! Brands, Inc.  The Plaintiff acknowledges in its own complaint that the merger agreement provided that Yorkshire would survive as a subsidiary. [Second Amended Complaint, ¶ 14].  The Plaintiff does not challenge that Yorkshire continues to operate as a subsidiary.  The Plaintiff's only argument is that "discovery *may* demonstrate that Defendant Yum! Brands *may* have successor liability in this action." [Plaintiff's Response, p. 13] (emphasis added).  Furthermore, there is no automatic jurisdiction over a parent corporation for the acts of its subsidiary.  *Third National Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1093 (6th Cir. 1989).  However, the Plaintiff does not explain that discovery is needed or what evidence he expects to adduce that will support his claim.

When reviewing a Rule 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir.

1994).  Because a Rule 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of the witnesses."  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  The court should deny a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief."  *Gazette*, 41 F.3d at 1064.  While the standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Id.*

This Complaint has no allegations to support a claim based on successor liability against Yum! Brands.

### 2.      Dismissal of Claims Against Yorkshire

The Defendants state they are no longer pursuing their motion to dismiss under Rule 12(b)(6) on behalf of Yorkshire. [Defendants' Reply, p. 1].  Therefore, the Court **DENIES** the motion as to Yorkshire.

## V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Yum! Brands for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.  The Defendants' Motion to Dismiss with respect to Yorkshire is **DENIED**.

**IT IS SO ORDERED.**

8

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 10, 2005

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
November 10, 2005.

s/Linda Vertriest
Deputy Clerk